16-2860-cv
Pritsker v. McKee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Robert L. Pritsker,

> *Plaintiff-Appellant,*

v.                                                                      16-2860

Theodore A. McKee,

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | Robert L. Pritsker, pro se, Weston, CT. |
| **FOR DEFENDANT -APPELLEE:** | Sandra Slack Glover, Assistant United States Attorney, for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert L. Pritsker, pro se, sued Judge Theodore A. McKee of the United States Court of Appeals for the Third Circuit, under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violating Pritsker's Fifth Amendment right to due process. Pritsker alleged that Judge McKee, as then-chief judge of the Third Circuit, failed to order a motions panel to decide Pritsker's motion in an unrelated appeal. He appeals the district court's sua sponte dismissal of his complaint for lack of standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's determination that a plaintiff lacks standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). To have standing, a plaintiff must show that (1) he has an injury in fact, (2) there is a causal connection between the injury and conduct of which the plaintiff complains, and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). To establish causation for purposes of standing, the plaintiff must allege an injury "fairly traceable" to the defendant's conduct. *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

Pritsker alleged that Judge McKee "blocked" a ruling on Pritsker's motion or failed to force the assigned motions panel to decide the motion. But Pritsker concedes that Judge McKee lacked the power to do either. Pritsker notes that his complaint also alleged that the motion was delayed because it was never assigned to a motions panel. Pritsker did not allege (let alone allege plausibly) that Judge McKee ordered the Clerk to withhold the motion from a merits panel or maintained policies as chief judge that led to the motion being unassigned. Pritsker's complaint and response to the district court's order to show cause suggest only that the motion may not have been assigned. This is not sufficient to establish that Pritsker's injury is fairly traceable to Judge McKee. *Cf. Bennett*, 520 U.S. at 169 (holding that plaintiff's injury was fairly traceable to defendant agency because the agency's opinions, although technically advisory, held significant sway and caused a third party to cause the injury). Accordingly, Pritsker is unable to establish standing.

We have considered all of Pritsker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2